**In the Matter of Dave CAMPBELL, Debtor.**

**Dave CAMPBELL, Plaintiff,**

v.

**FORD MOTOR CREDIT COMPANY, Defendant.**

**Bankruptcy Nos. 80 B 12117, 81 A 1508.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Jan. 13, 1982.

Robert Morel Gray, Joliet, Ill., for plaintiff.

Lawrence Friedman, Chicago, Ill., for defendant.

## OPINION AND ORDER

RICHARD L. MERRICK, Bankruptcy Judge.

This matter came on to be heard upon the motion of the debtor to make installment payments under a four-year chapter 13 plan of the redemption amount determined under § 722 of the Bankruptcy Code to represent the present value of a 1979 Ford Thunderbird. It would appear that the redemption amount falls within the guidelines established by this Court in *In re Willis*, 6 B.R. 555, 6 BCD 1101, CCH. Bankr.L.Rep. 67640 (Bkrtcy.ND Ill. 1980).

Memoranda submitted by the parties cite Bankruptcy Court decisions on both sides of the issue of whether or not installment payments can be forced upon an unwilling creditor. In the view of this Court none of those cases focuses on the issue which is, alternatively,

1. May installment payments be prescribed at the cash price? or

2. May installment payments be prescribed where the future payments will cover the time weighted value?

It was implicit in the *Willis* decision that present value is the amount which is to be paid for present payment, and future value is the amount which is to be paid for future payment. To this Court the principle is simple and clear cut and is the basis for all of the provisions of the Code which relate to adequate protection and impairment of collateral.

The legislative background for § 522(e) and (f), § 524(c) and § 722 was described at length in *In re Morris*, 12 B.R. 321, 7 BCD 1336 (Bkrtcy.N.D.Ill.1981) and will not be repeated here. Most of the legislative hearings were in the context of reaffirmations of contracts secured by tangible personal property, but the overriding desire of the Congress to limit the economic power of the secured lender to a level commensurate with the value of his security interest was pervasive. On the other hand, §§ 361–363 make it abundantly clear that the Congress did not intend to deprive a secured creditor of any security interest which he might have, to the extent of the value of the collateral.

This Court is not about to become involved in the negotiation phase of settlement agreements. After agreements have been reached, the Court will review them to determine whether or not they comply with the Bankruptcy Code and with standards which the Court has established previously.

The appropriate rate of interest for Ford Motor Credit Company to receive for the delayed payments is whatever rate that company will be required to pay to obtain money, which usually runs about ½ of 1% above the current rate for thirteen-week Treasury Bills. The average auction rate on the day that this opinion was written was 11.04%.

The petition will be denied as presented, but the Court will approve installment payments in equal monthly installments over 48 months computed by including interest on the present value at not to exceed an annual percentage rate of 11.54%.